Henry Rozell et al., as Commissioners of Highways, etc., Respondents, *v.* Eliza Andrews, Appellant.

The owner of land cannot, by the mere removal of his fence, impose upon the public a strip of land as a highway; nor can the public, because of such removal, deprive the owner of any right or interest in or control over the land.

An equitable action may not be maintained by commissioners of highways to compel the removal of or to restrain obstructions of a highway. The statute prescribes the method of procedure on their part. (1 R. S. 521, § 103 *et seq.*, as amended by chap. 245, Laws of 1878.)

(Argued June 5, 1886; decided October 5, 1886.)

Appeal from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 22, 1883, which affirmed a judgment in favor of plaintiffs, entered upon a decision of the court on trial at Special Term.

This action was brought by plaintiffs, as commissioners of highways of the town of Fishkill, to compel the defendant to remove so much of a fence as she had built upon a strip of land claimed by plaintiffs as part of a highway, and to restrain the further erection of such fence.

The court found that about eight years prior to the trial, defendant, who is the owner of lands on the easterly side of the highway, moved her fence back about ten feet, and gave and dedicated the same to the public as a highway. The act complained of was moving part of the fence back to the original line.

Further facts appear in the opinion.

*William D. Guthrie* for appellant. To constitute a highway by dedication, it is essential not only that there shall exist an explicit and absolute intention on the part of the owner of the land to permanently set apart and surrender it to the public use, but that such dedication shall be accepted by the proper public authorities, or that the highway so dedicated shall have been actually used by the public. (*Holdane* v. *Cold Spring,* 21 N. Y. 474, 476; *Niagara Falls Suspension Bridge Co.* v. *Bachman,* 66 id. 261, 269.) The acts and declarations of the donor relied on by the public must be deliberate, unequivocal and decisive. (*Gowen* v. *Phila. Exchange Co.,* 5 W. & S. 141, 144; *Davis* v. *Clinton,* 58 Iowa, 389; *Mansur* v. *The State,* 60 Ind. 357; *Harding* v. *Town of Hale,* 61 Ill. 192, 200 ) Aside from the question of intent to dedicate, it was equally essential in this case to establish user by the public in the absence of any acceptance by the proper authorities. (*McManus* v. *Butler,* 51 Barb. 436, 449; *City of Cincinnati* v. *Lessee of White,* 6 Pet. 431, 439.) At most all that can be pretended in this case is the user of the ditch which formed the boundary of the road and lay between it and the trees, and any rights of the public are consequently to be confined thereto. (*Walker* v. *Gaywood,* 31 N. Y. 51, 63; *Watrous* v. *Southworth,* 5 Conn. 305, 309.) If a dedication be conceded, still under the circumstances detailed, it was revocable by the defendant. (*Holdane* v. *Cold Spring,* 21 N. Y. 474–479; *McCarthy* v. *Whalen,* 87 id. 148, 151.) Even if the plaintiffs as commissioners of highways had so attempted, they had no legal power to accept the dedication of a highway or any part thereof, except in the manner particularly prescribed by law. (*People,*

*ex rel. Everett,* v. *Bd. of Supervisors,* 93 N. Y. 397, 401;
*City of Rochester* v. *Town of Rush,* 80 id. 302, 311 ; *People,
ex rel. Van Keuren,* v. *Town Auditors,* 74 id. 310, 315 ;
*People, ex rel. Lasher,* v. *McNeil,* 2 N. Y. Sup. Ct. 140;
*Talmage* v. *Huntting,* 29 N. Y. 447 ; *Coykendall* v. *Durkee,*
13 Hun, 260, 262; *Putnam* v. *Valentine,* 5 Ohio, 187 ;
*Badeau* v. *Mead,* 14 Barb. 328, 339.)

*H. H. Hustis* for respondents.

Danforth, J. We think there is nothing in the record to
show that the strip of land in question was not left open for
the pleasure or convenience of the owner rather than the accom-
modation of the public; but assuming the act of the owner to
be equivocal and consistent with a dedication to the public, it
is plain there has been no acceptance on its part, nor such actual
user as might take its place. The plaintiffs do not aver accept-
ance, and the only one of them who testifies, states that he
never heard of any dedication of the land. The act relied on
as an act of dedication is the setting back by the defendant of
her fence and placing trees on the old line. The alleged user
is for a highway with her knowledge and consent. We are
referred to no evidence of this and find none. An owner of
land cannot, by the mere removal of his fence, impose upon the
public a strip of land as a street, nor can the public deprive the
owner of any right or interest in, or control over it by that cir-
cumstance. Here there was nothing more. There was neither
an actual gift by the owner of the land, nor a user by the
public, no evidence by word, or by any decisive act of an intent
even to give or dedicate, and the motion to dismiss the com-
plaint should have been granted.

We are also of opinion that the action is misconceived. It
is in equity, and the only relief sought is that the defendant be
compelled to remove so much of her fence as she has already
restored to its former position, and be restrained by injunction
from replacing the rest. The plaintiffs sue as commissioners
of highways. The statute has defined their duty and vested

them with power to execute it. Upon the plaintiff's theory the defendant has obstructed the highway. The statute prescribes the method of procedure on their part. That she threatens still further to obstruct it can give them no cause of action. If she executes the threat, they have in a proper case the power of summary removal of the fence at her expense, but if the encroachment be denied, the issue must go before a jury. (1 R. S., tit. 1, p. 1, chap. 16, art. 5, as amended by Laws of 1878, chap. 245 ; *Coykendall* v. *Durkee*, 13 Hun, 260.) The plaintiffs can have no remedy by this action, and it is needless, therefore, to grant a new trial.

The judgment should be reversed, and the complaint dismissed, with costs.

All concur.

Judgment accordingly.