PORTER B. HATCH, AS SOLE COMMISSIONER OF HIGHWAYS OF THE TOWN OF FENTON, IN THE COUNTY OF BROOME AND STATE OF NEW YORK, RESPONDENT, *v.* THE SYRACUSE, BING- HAMTON AND NEW YORK RAILROAD COMPANY, APPELLANT.

*Duty of a railroad company crossing a public highway to restore it to its former state — sec. 28, chap. 140 of 1850 — it is a continuous duty and the right to enforce it is not barred by any statute of limitations.*

In an action, brought by a commissioner of highways against a railroad company, whose predecessor had constructed its railroad across one of the highways of the town by a bridge or over-crossing, which was alleged to be an obstruction to public travel, and an encroachment, the defendant answered that the bridge was constructed pursuant to the statutory powers conferred upon railroads, with the consent of the commissioners of highways, and had remained in the same con- dition for more than thirty years before the action was· brought, and that the statute of limitations was a bar to the action.

The court found that the passage-way between the two walls on each side of the highway, upon which the bridge rested, was too narrow and impaired the use- fulness of the highway.

*Held,* that the duty to restore a highway thus intersected by the defendant's road to its former state, or to such state as not unnecessarily to have impaired its usefulness, imposed upon it by section 28 of chapter 140 of 1850, was a continuous one, and that if, by an increase of business on a highway, the facilities first provided became inadequate, the corporation must make such changes as are reasonably necessary to provide for the needs of the public.

That the duty being a continuous one the action was not barred by any statute of limitations.

APPEAL by the defendant from a judgment, entered on the 11th day of March, 1887, in the office of the clerk of Broome county, upon the trial of this action by the court without a jury.

*D. S. Richards,* for the appellant.

*E. K. Clark,* for the respondent.

FOLLETT, J.:

Appeal from a judgment entered on a decision of a Special Term, and heard in this court on a case which contains all of the evidence.

In 1854 the Syracuse and Binghamton Railroad Company (incor- porated under the general railroad act) constructed its railroad across one of the highways of the town of Fenton, by an over-

crossing or bridge. The highway was, and is, three rods wide. Two stone abutments twelve feet high, fifteen feet apart, forty-three feet long, and parallel with the traveled track of the highway, were built, upon which stringers and the railroad track were laid. Afterwards the defendant (incorporated under the general railroad act) succeeded to the rights of the first-named corporation, and has, for many years, owned and operated said road. July 10, 1886, this action was begun, describing said bridge or crossing, and alleging that it was an obstruction to public travel, an encroachment, and asked for a judgment compelling its removal from the highway. The defendant answered that the bridge was constructed pursuant to the statutory powers conferred upon railroads, with the consent of the commissioners of highways; that the highway was restored to its former state of usefulness, had remained in the same condition for more than thirty years before this action was begun, and that the statute of limitations was a bar.

The court found that the passageway (fifteen feet in width) was too narrow, and unnecessarily and materially impairs the usefulness of said highway, which had not been restored to its former state, or to such a state as not unnecessarily to have impaired its usefulness, and decided that the north abutment should be moved ten feet northerly, so as to leave the passageway twenty-five feet wide. Since this action was begun, the defendant has shortened the walls about eleven feet, so that they are now thirty-two feet instead of forty-three feet long.

Section 28 of chapter 140, Laws of 1850 (the general railroad act) authorizes every corporation incorporated under that act: "5. To construct their road across  *  *  *  any  *  *  *  highway  *  *  *  which the route of its road shall intersect or touch, but the company shall restore the  *  *  *  highway  *  *  *  thus intersected or touched, to its former state, or to such state as not unnecessarily to have impaired its usefulness." Chapter 255 of the Laws of 1855 authorizes the commissioner of highways to bring any action against a railroad which may be necessary to enforce the performance of any duty enjoined upon the corporation in respect to any highways. (*Barse, as Commissioner*, v. *Herkimer, etc., R. R. Co.*, 13 N. Y. State Rep., 215.)

Under the statute, railroads are required to restore highways to their former state of usefulness, and to preserve them in such state. The duty is a continuous one. (*People* v. *N. Y. C. and H. R. R. R. Co.*, 74 N. Y., 302, 306; *People* v. *N. Y., N. H. and H. R. R. Co.*, 89 id., 266.)

If, by an increase of business on highways, the facilities first provided become inadequate, the corporation must make such changes as are reasonably necessary to provide for the needs of the public. (*Cooke* v. *Boston and Lowell R. R.*, 133 Mass., 185; *Burritt* v. *City of New Haven*, 42 Conn., 174; *Manley* v. *The St. Helens C. and R. Co.*, 2 H. & N., 840; 2 Wood R. R., 979; see, also, the remarks in *People* v. *N. Y. N. H., and H. R. R. Co.*, 89 N. Y., 270.) Whether the facilities afforded were sufficient was a question of fact for the court, and, under the evidence, its decision ought not to be disturbed by this court. The duty being a continuous one, the action was not barred by any statute of limitations. This disposes of the case upon the merits, and of the exceptions taken to the refusal of the court to nonsuit the plaintiff. The bridge and its approaches, and the cause of action, are very accurately described in the complaint; and the fact that the bridge is characterized as an " obstruction " and as an " encroachment," while, technically, it may not be either, is not such a variance between the relief demanded, and granted, as would authorize the reversal of the judgment. None of the exceptions taken by the appellant to the rulings upon the admissibility of evidence are discussed or alluded to in the brief, and it is assumed that they are not relied upon.

The judgment is affirmed, with costs.

HARDIN, P. J., concurred; MARTIN, J., not sitting.

Judgment affirmed, with costs.