THE TOWN OF WINDSOR, Respondent, *v.* THE PRESIDENT, MANAGERS AND COMPANY OF THE DELAWARE AND HUDSON CANAL COMPANY, Appellant.

*Highway — action by a town to compel the removal of obstructions made by a railroad company — the restoration of a highway to its former state is a continuous duty — the right to enforce it is not barred by the Statute of Limitations.*

The duty imposed upon a railroad corporation, which has constructed a crossing over a highway, to restore the highway to its former state or to such a state as will not unnecessarily impair its usefulness, is a continuous one, and an action brought by a town to compel the performance of such duty cannot be barred by the Statute of Limitations.

In an action commenced in June, 1892, in the name of a town by the highway commissioner thereof, to enforce the rights of the public in a highway, it appeared that the highway in question had been laid out about the year 1814, and that the defendant, a railroad corporation, about the year 1871, had by the construction of an overhead crossing narrowed the highway so that the free space was only of the width of thirteen feet and two inches, while the public use required a width of twenty-five feet.

*Held*, that the action was maintainable under the Highway Act of 1890 (Chap. 568), providing that an action might be brought in the name of a town against a corporation, to sustain the rights of the public in and to a highway and to enforce the performance of any duty enjoined upon a corporation in relation thereto, and that it was not necessary for the highway commissioner of the town to declare an encroachment or to institute proceedings under the statute for the removal of the encroachment;

That the existence of the obstruction for the period of upwards of twenty years did not limit the public to the use of the space left free, and that it was a question of fact whether the needs of the public were such that the aperture left was inadequate.

APPEAL by the defendant, The President, Managers and Company of the Delaware and Hudson Canal Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Broome on the 20th day of March, 1895, upon the report of a referee.

From the referee's report it appears that the plaintiff is a town situate in the county of Broome, and that one Aubert C. Hoadley, as sole commissioner of highways of that town, on the 8th day of June, 1892, commenced this action ; that the defendant is a corporation incorporated under the laws of the State of New York, operating a railroad from Ninevah Junction, in the State of New York, to Jefferson Junction, in the State of Pennsylvania, " which railroad passes through the town of Windsor aforesaid in a northerly and southerly direction, having been constructed in or about the year 1872, and ever since used for railroad purposes; that for many years there has existed in said town of Windsor a public highway, running from Ouaquaga in the town of Colesville, in said county, through the town of Windsor aforesaid, to and past the hamlet known as East Windsor, and said town of Windsor ; that said road has been located and used for more than twenty years as a public highway prior to the construction of said railroad."

It was also found that the defendant constructed its railroad, and its tracks " crossed said highway at a point west of the East

Windsor Cemetery by an overcrossing. Said crossing, which was built in or about the years 1871 and 1872, consists of two stone abutments about sixteen feet long, where they are parallel, and a wing to each abutment on either side, the wings on the east side being eleven feet in length, and the wings on the west side being sixteen feet in length, the main walls of said abutments running a distance of sixteen feet, parallel to each other, and thirteen feet two inches apart, with embankments running up to said abutments and wings upon either side, upon which abutment stringers and the track of said railroad was laid about twelve feet from the surface of said highway below." It is also found "that the railroad constructed as above described materially and unnecessarily impairs the usefulness of said highway; that no necessity exists requiring a passageway as narrow as that now maintained by the defendant, but the requirements and safety of the traveling public demand an enlargement of said passageway; that defendant did not, upon constructing its railroad across said highway, nor has it since, restored said highway to its former state, or to such a state as not to unnecessarily impair its usefulness."

It was also found that a passageway "under said railroad of twenty-five feet would be sufficient to accommodate the travel on said highway, and an enlargement of said passageway to that width would render it sufficient to restore said highway to such a state as not to unnecessarily impair its usefulness."

It was also found as a conclusion of law that the railroad had a right to construct and maintain its railroad across said highway, "but it is the duty of said company to restore said highway to its former state, or to such a state as not to unnecessarily impair the use of said highway; that in constructing said railroad and maintaining the same the defendant did not restore said highway to its former state, or to such a state as to not unnecessarily impair its usefulness." It was found that neither the town of Windsor "nor the commissioner of highways of that town has so far accepted or acquiesced in the action of the defendant as not to be entitled to maintain this action."

Judgment was ordered and entered in accordance with the findings.

*Lewis E. Carr,* for the appellant.

*H. S. Williams,* for the respondent.

HARDIN, P. J. :

Criticism is made upon the plaintiff's complaint. Upon looking into it we find that it contains all the essential facts found by the referee in his report, as well as some other allegations which could be construed, perhaps, to indicate that the pleader supposed the plaintiff had some right of action by reason of the "construction and encroachments" placed upon the highway by the defendant, which render the highway dangerous. In the prayer, however, for judgment the plaintiff asked "that the said defendant remove all the said obstructions, abutments, embankments, stone, iron and material from the said highway, and within its bounds, and they be declared to be an impediment and obstruction to public travel, *and the defendant be compelled to remove each and all of said obstructions, and perpetually, as well as pending this action, it be enjoined from keeping or maintaining, using or repairing the said abutments or embankments, abutments or obstructions in the said highway, or any obstruction within its bounds."* During the progress of the trial we do not find that the defendant took specific objections to the complaint on the ground that it did not allege an imperative duty on the part of the defendant to restore the road to its former condition, or so as not to unnecessarily impair its usefulness. We think the criticism made to the complaint at this stage of the action must fail. ( *Wademan* v. *A. & S. R. R. Co.,* 51 N. Y. 568, 572.)

In chapter 568 of the Laws of 1890 it is provided, in section 100, that " All lands which shall have been used by the public as a highway for the period of twenty years or more, shall be a highway, with the same force and effect as if it had been duly laid out and recorded as a highway, and the commissioners of highways shall order the overseers of highways to open all such highways to the width of at least two rods." That section fell under construction in *Speir* v. *Town of New Utrecht* (121 N. Y. 420) and in *People* v. *Osborn* (32 N. Y. Supp. 358). We think the proof in the case before us is sufficient to indicate that the highway had been used by the public as a highway, and that the referee upon all the evidence, coupled with

the proof of the survey of 1814 and the order accompanying the same laying it out as a highway, was warranted in assuming that the site where the defendant's embankments were placed was a part of the public highway. The evidence produced before the referee differs very much from the evidence disclosed in the cases to which reference has already been made.

In *Barse* v. *Herkimer, etc., R. R. Co.* (13 N. Y. St. Repr. 215) this court had occasion to examine the statute which authorized commissioners of highways " to bring any action against any railroad corporation that may be necessary or proper to sustain the rights of the public in and to any highway in such town, and to enforce the performance of any duty enjoined upon any railroad corporation in relation to any highway in the town of which they are commissioners." In that case it appeared that the defendant had " failed to restore said highways to their former state of usefulness," and we sustained the action. In the course of one of the opinions delivered in that case the distinction between an action against a private individual and one against a corporation was pointed out, and the case of *Rozell et al., as Commissioners, etc.,* v. *Andrews* (103 N. Y. 150) was stated as not applying to an action against a corporation. Since that decision was made the Legislature, in the Highway Act (Chap. 568, § 15, Laws of 1890), has provided that commissioners of highways may bring an action in the name of the town " against any person or corporation to sustain the rights of the public in and to any highway in the town, and to enforce the performance of any duty enjoined upon any person or corporation in relation thereto," etc.

In *Hatch* v. *S. B. & N. Y. R. R. Co.* (24 N. Y. St. Repr. 36) it was held that the duty imposed upon the corporation to restore a highway to its former state, or to such state as not unnecessarily to have impaired its usefulness, is a continuous one, and that the action was not barred by any Statute of Limitations.

In the course of the opinion delivered in *Post* v. *West Shore & Buffalo R. R. Co.* (34 N. Y. St. Repr. 484 ; S. C., 123 N. Y. 587) it is said that while the highway commissioner cannot dictate how the work of restoration should be accomplished, that the duty imposed on a railroad company whose road is located in a highway to restore it to its former state or to such state as not unnecessarily to impair its usefulness, is " a corporate duty which the company is bound to

perform, and for any failure in its performance, in addition to other remedies, the commissioner of highways is authorized by chapter 255 of the act of 1855 to maintain an action to enforce the performance, or for damages sustained by the town from non-performance."

Prior to the decision of that case it had been intimated in *N. Y. C. & H. R. R. R. Co.* v. *People* (12 Hun, 195) that the remedy for failure on the part of the railroad was by indictment. That case was modified to some extent when it reached the Court of Appeals, as appears by the report thereof as found in 74 N. Y. 302, and in the course of the opinion delivered by CHURCH, Ch. J., in considering the duty of the corporation to restore the road, he said : "The duty thus imposed is an important one for the public, and it should be enforced, not oppressively, but reasonably and fairly for the public benefit." And he added : "It was the duty of the defendant not only to properly make these approaches, but to keep them in suitable repair. Having to this extent interfered with the highway, or, rather, having taken possession of the old highway and substituted a new and different one, they must preserve it in a state as far as practicable of original usefulness " (citing *Cott* v. *Lewiston R. R. Co.*, 36 N. Y. 214); and it was also said in that case that the duty was a continuous one.

In *The People* v. *N. Y., N. H. & H. R. R. Co.* (89 N. Y. 266) in the course of the opinion it was intimated that it was a question of fact, in a somewhat similar case, whether the defendant unnecessarily impaired the usefulness of the highway, and it was intimated that by the growth of population the first provision made might become inadequate for the public accommodation.

The doctrine last mentioned was approved in *Hatch* v. *S. B. & N. Y. R. R. Co.* (50 Hun, 64), and in the course of the opinion delivered in that case it was said : "If, by an increase of business on highways, the facilities first provided become inadequate, the corporation must make such changes as are reasonably necessary to provide for the needs of the public." Numerous cases are then cited. The opinion then adds : "Whether the facilities afforded were sufficient was a question of fact for the court, and, under the evidence, its decision ought not to be disturbed by this court. The duty being a continuous one the action was not barred by any Statute of Limitations." In order to maintain this action we think

it is not necessary that the commissioners should declare an encroachment and institute proceedings given by the statute for the removal of an encroachment. Nor do we think the case of *Cook et al., as Commissioners, etc.,* v. *Covil* (18 Hun, 288) has any application to the case in hand. We are of the opinion that the existence of the abutments for the period of upwards of twenty years did not limit the public to the right of the space, thirteen feet and two inches, between them, and that it was a question of fact, upon all the evidence before the referee, as to whether the needs of the public were such that the aperture left was inadequate to serve the same. There was some evidence given tending to show that the abutments were placed in that portion of the highway which had been used by the public prior to their erection, and we are of the opinion that the evidence warrants a finding of fact that the public had acquired rights in the use of the highway which the defendant has interfered with.

We have looked into the exceptions taken during the progress of the trial, and also to the omission of the referee to make certain additional findings, and we are of the opinion that they do not present any error which requires us to interfere with the conclusion reached by the referee.

The judgment must be affirmed, with costs.

Judgment affirmed, with costs.