(42 App. Div. 312.)

### HAMILTON et al. v. VILLAGE OF OWEGO.

(Supreme Court, Appellate Division, Third Department.    July 6, 1899.)

HIGHWAYS—ESTABLISHMENT BY PRESCRIPTION.
Plaintiffs, who opened a road for their own use, permitted it to be used for general travel, but the use by the public was not adverse to plaintiffs. *Held*, that the road did not become a public highway by prescription.

Appeal from trial term, Tioga county.

Trespass by Joel A. Hamilton and Delphas A. King against the village of Owego.    From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Oscar B. Glezen, for appellant.
Wallis & Clifford, for respondent Hamilton.
Martin S. Lynch, for respondent King.

HERRICK, J.    There is no claim upon the part of the appellant in this case that the strip of land in question was ever dedicated by the owners as a public highway, or accepted as such by the village authorities.    The claim is that it became a highway by prescription. I do not think that the evidence establishes a highway by prescription, or that there was sufficient evidence to justify a finding by the referee to that effect.    The use by the public was not adverse to the title of the plaintiffs or their predecessors in title.    The most that the evidence establishes in regard to the way in question is that it was opened by the owners of the land through which it passes, for their own use, and that they permitted people generally to travel over it for various purposes.    That does not constitute it a highway by prescription, as has been held in Speir v. Town of New Utrecht, 49 Hun, 294, 2 N. Y. Supp. 426, affirmed in 121 N. Y. 120, 24 N. E. 692, approved in People v. Underhill, 144 N. Y. 316, 39 N. E. 333, and Palmer v. Palmer, 150 N. Y. 139, 44 N. E. 966.    The judgment should therefore be affirmed.

Judgment affirmed, with costs.    All concur.