(96 App. Div. 114.)

### VILLAGE OF WATKINS v. WELCH GRAPE JUICE CO.

(Supreme Court, Appellate Division, Third Department. June 30, 1904.)

1. HIGHWAYS—STREETS—INCREASE OF WIDTH—FILING MAP.

　　Where a highway was originally laid out by town commissioners 3 rods wide, the promulgation of an ordinance by a village subsequently incorporated, by which the highway was changed to a street 66 feet wide, and the filing of a map locating the same, were ineffectual to appropriate adjoining property necessary to widen a street, no proceedings having been had for the determination and award to the owners of compensation therefor.

2. SAME—RIGHTS OF VILLAGE.

　　A charter provision giving a village board of trustees power to locate and define the boundary lines of the streets in the village did not empower such board to take private property for public use, nor to locate and define the boundaries of a highway which had been laid out 3 rods wide in such a manner as to open a street 66 feet wide, and thereby encroach on the property of abutting owners.

3. SAME—PRESCRIPTIVE RIGHT.

　　Where, after village trustees had passed an ordinance widening a street, and filed a plat of the same, no proceedings were taken to condemn land of abutting owners therefor, and the street was not used for the full increased width thereafter, the fact that there were no fences along the same to interfere with the public use of the property necessary to increase the width of the street by the public was insufficient to support the village's right thereto by prescription.

Appeal from Schuyler County Court.

Action by the village of Watkins against the Welch Grape Juice Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

The action was brought to recover penalties from the defendant for erecting and maintaining a building on Madison avenue, in the village of Watkins, which the plaintiff claimed was an encroachment or obstruction upon the street, in violation of a village ordinance. The defendant denied that the

building was erected in a public street. The justice rendered judgment in favor of the plaintiff for five penalties of $5 each, besides costs, and from a judgment of the County Court affirming such judgment of the justice this appeal is taken. In 1829 the commissioners of highways of the town from which the village of Watkins was afterwards taken duly laid out a highway three rods in width on the line of the street now known as "Madison Avenue," and record of the action of such commissioners was duly made in the clerk's office of such town. In January, 1875, the trustees of the village of Watkins caused a survey and map of its streets to be made and adopted, and filed such map and adopted and promulgated an ordinance, under a clause in the village charter authorizing the trustees "to locate and define the boundary lines of the public streets and alleys in said village" (section 5, tit. 6, c. 125, p. 235, Laws 1861, as amended by section 2, c. 192, p. 486, Laws 1870), which located and described the street in question, as one 66 feet in width, with 36 feet on the east side of the center line of the old 3-rod highway and 30 feet on the west side of such center line. No steps were taken to condemn lands to widen the street, and nothing further was done to change the width of the street. The building alleged to be an obstruction was erected by the defendant in 1897. There is a village ordinance making it unlawful to place or maintain any obstruction upon any of the streets of the village, and imposing a penalty of $5 for every violation thereof, and a further penalty of $5 for each 24 hours such violation shall be continued. It was to recover the penalties imposed by this ordinance that the action was brought.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

O. P. Hurd, for appellant.

W. F. Bishop, for respondent.

CHESTER, J. If the street in question is only three rods wide as laid out in 1829, the building in question is wholly outside of the limits of the boundaries of the street. If, on the other hand, the street is 66 feet wide, then the building is clearly an encroachment upon the street. The theory upon which this case was presented to the courts below by the plaintiff was that the ordinance of 1875, passed by the board of trustees, the filing of a map thereunder, and the conduct of owners of property upon the street since that time in acquiescing therein, were effective to increase the width of the street to 66 feet. It is evident that the trustees, by passing the ordinance of 1875, and filing a map showing a street increased in width to 66 feet, could not thereby lawfully take private property from the adjoining owners for the purpose of increasing such width, for the reason that that would be an ·invasion of constitutional rights, as it would be the taking of private property for public use without just compensation. Manifestly, too, under a statute giving to the board of trustees of the village the power to locate and define the boundary line of the streets in the village, such board would have no power to take private property for public use; nor would the board, under such a statute, have the power to locate and define the boundaries of a highway which was laid out to be 3 rods in width in such a way as to show that the boundaries on each side should be 66 feet apart, and in that way encroach upon the title of the adjoining owners. Hence we have examined this record with a view of ascertaining from it if there was sufficient evidence to justify a finding that the owners of the abutting property where the building in question is located had dedicated the

land to the public as a street, and the public had accepted it as such, or whether there is any evidence that would justify a conclusion that, subsequent to the passage of the ordinance of 1875, and prior to the erection of the building in question, the public, by user during all that period, which is upwards of 20 years, had acquired a prescriptive right to the entire width described in the ordinance as a public street. The fact that the ordinance was passed might be regarded as a sufficient public acceptance of the property in dispute for street purposes, but that would not be sufficient unless there had also been a dedication of the land by the owner to the public as a street. The only evidence to support that view is found in the fact that during all that time there were no fences maintained by the owners of the property to divide it from the street, and it was open at all times, and unobstructed by any structure until the erection of the building in question. The mere fact that it was unfenced by the owners is not sufficient evidence to show an intention on the part of the owners to dedicate the land to the public use as a highway. Rozell et al. v. Andrews, 103 N. Y. 150, 8 N. E. 513; Matter of Hand Street, 52 Hun, 206–211, 5 N. Y. Supp. 158; Strong et al. v. City of Brooklyn, 68 N. Y. 1, 16; Flack v. Green Island, 122 N. Y. 107, 25 N. E. 267. While there have been no fences and nothing to interfere with the public use of the property in question as a street, there is no proof that it has in fact been so used at any time during the 20 years prior to the erection of the building thereon by the plaintiff, and such proof would be essential to support a title in the public by prescription; nor is there any proof that the location in question has ever been worked or occupied in any way by the public as a street. Every element seems to be wanting to show that the street has ever been lawfully widened since it was originally laid out as a highway, three rods wide, in 1829.

The judgment of the County Court and of the justice's court should be reversed, with costs to the appellant in this court and in the County Court. All concur.