(84 Misc. Rep. 623) ·

POUNDS, President of Borough of Brooklyn, v. LEE AVE. THEATRE CO

(Supreme Court, Special Term, Kings County.   March, 1914.)

1. MUNICIPAL CORPORATIONS (§ 1027*)—ACTIONS—PARTIES—FORM—DESIGNATION OF PLAINTIFF.

Under Greater New York Charter (Laws 1901, c. 466) § 1614, declaring that all suits by or against the city must be in the corporate name of "the city of New York," a bill by the president of one of the boroughs to remove an encroachment on one of its public streets was demurrable on the ground that plaintiff had no legal capacity to sue.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 2198;  Dec. Dig. § 1027.*]

2. MANDAMUS (§ 148*) — RIGHT TO SUE — CITIZENS — PURPOSE OF WRIT — REMOVAL OF OBSTRUCTIONS FROM STREETS.

A citizen may maintain mandamus to compel officials to remove unlawful obstructions and nuisances from public streets.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 289;  Dec. Dig. § 148.*]

3. MUNICIPAL CORPORATIONS (§ 1027*) — ACTIONS — PARTY PLAINTIFF — CAPACITY TO SUE.

That the president of a borough of Greater New York may be compelled by mandamus to remove all obstructions and nuisances in public streets does not permit him to maintain a suit to compel such removal in his official capacity for the benefit of the city, in view of Greater New York Charter (Laws 1901, c. 466) § 1614, providing that all suits by or against the city shall be in the name of "the city of New York."

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 2198;  Dec. Dig. § 1027.*]

Action by Lewis H. Pounds, as president of the Borough of Brooklyn of the City of New York, against the Lee Avenue Theatre Company.  On demurrer to the complaint brought on by motion for judgment on the pleadings.  Demurrer sustained.

Ira L. Rosenson, of Brooklyn, for the demurrer.

Frank L. Polk, Corp. Counsel, of New York City, and James D. Bell and Charles J. Druhan, Assts. Corp. Counsel, both of Brooklyn, opposed.

KAPPER, J.   Plaintiff sues as president of the borough of Brooklyn of the city of New York to restrain the defendant from maintaining an encroachment upon a public street in said borough.  The encroachment complained of consists of a one-story building 45 feet in length, which the complaint alleges extends into the public street beyond the building line and encroaches upon the highway 6½ feet.

The title of the action is:

"Lewis H. Pounds, as President of the Borough of Brooklyn, of the City of New York, Plaintiff, against Lee Avenue Theatre Company, Defendant."

The only duty which the plaintiff alleges is imposed upon him by law is contained in the first paragraph of the complaint, viz.:

"I. That the plaintiff is the president of the borough of Brooklyn of the city of New York, and has cognizance and control of the streets and highways therein."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

After describing the defendant's ownership of the structure in question, the complaint proceeds to allege:

"VI. That the said encroachment maintained by the defendant, as aforesaid, is illegal and constitutes a public nuisance."

And then follows an allegation that:

"The plaintiff, as president of the borough of Brooklyn, served upon the defendant a written notice to remove the aforesaid encroachment," and that, "notwithstanding the said notice, the said structure, maintained by the defendant as aforesaid, still encroaches upon Lee avenue, and no part thereof has been removed."

The demand for judgment is that the defendant be enjoined and restrained from maintaining said encroachment, and that a mandatory injunction issue to command the defendant to remove the same. The defendant demurs to the complaint upon the grounds:

(1) "That the plaintiff has not legal capacity to sue in that the city of New York should have instituted the action herein instead of this plaintiff;" and (2) "that the complaint does not state facts sufficient to constitute a cause of action."

The case was brought on as a contested motion for judgment on the pleadings with notice that the issue of law raised by the demurrer "will be tried as a contested motion."

The second ground of demurrer need not be discussed, as it is conceded that the plaintiff sues as a public officer and not in his individual or private right. Besides, the complaint is barren of any charge of special injury shown to the plaintiff, and, in the absence of such allegation, a private citizen is not entitled to maintain a suit in equity, to restrain a nuisance common to the public. Elliott, Roads & Streets (3d Ed.) § 850.

[1] The first ground of demurrer, in my opinion, must be sustained. I am cited no authority or statute which authorizes the borough president of a borough in the city of New York to maintain an action of this or any other nature. The claim of the plaintiff is that authority for his suit may be found in People ex rel. Browning, King & Co. v. Stover, 145 App. Div. 259, 130 N. Y. Supp. 92, where an adjoining lessee complaining of an obstruction was held entitled either to institute a suit in equity to compel the removal of the obstruction or to require the proper public officers by mandamus to perform their duty to remove the same. Mandamus was sought, to which the relator was held entitled; and in the course of the opinion the court say that the ends of justice will be served and the rights of the public conserved if the mandamus to be issued to the park commissioners (who had the power of removal of the encroachment) be to forthwith remove the obstruction to the highway, "or in their discretion to take such legal measures as are appropriate to compel their removal by the intervening respondents, and, if such proceedings are instituted, to prosecute them with all reasonable speed and diligence." I do not understand the language just quoted to mean that the park commissioners, as such, were authorized to institute an action in equity to restrain the continuance of an encroachment upon a public street, and it must be construed to have reference to their duty under city ordinances the

same as the borough president, each in their and his respective spheres, to remove incumbrances summarily. But this is quite different from the maintenance of an action on behalf of the city by a municipal officer thereof in his own official right and under his official title. It is to be observed that in the Stover Case, supra, the court say:

"We are therefore of the opinion that the relator is entitled to a mandamus. A question remains, however, as to the form of the command to be issued to the commissioners. It is competent for the court to order them to proceed at once and remove the obstruction. People ex rel. Cross Co. v. Ahearn, 124 App. Div. 840 [109 N. Y. Supp. 249]. It is also competent, however, for the city to compel the removal of such obstructions by those who maintain them. City of New York v. Knickerbocker Trust Co., 104 App. Div. 223 [93 N. Y. Supp. 937]; City of New York v. Rice, 198 N. Y. 124, 91 N. E. 283, 28 L. R. A. (N. S.) 375. When the emergency is not pressing the latter course is more orderly, less drastic, and puts the expense where it properly belongs."

[2] A citizen may maintain a proceeding by mandamus to compel officials to perform their duty and remove unlawful obstructions and nuisances in public streets. This was held against a borough president under the revised charter of Greater New York (People ex rel. Cross Co. v. Ahearn, 124 App. Div. 840, 109 N. Y. Supp. 249), and against the commissioner of the department of highways under the first Greater New York charter (People ex rel. Pumpyansky v. Keating, 168 N. Y. 390, 61 N. E. 637).

[3] But the fact that a public officer may be compelled by mandamus to perform a duty does not permit of his maintaining an action in his official name for the benefit of the city of which he is an officer. The Greater New York charter (section 1614) provides that all suits by or against the city of New York "shall be in the corporate name of 'the city of New York.'" Only two departments of the city government, if we except the department of education, which has always been treated as a body corporate with power to maintain an action in its corporate name (Gunnison v. Board of Education, 176 N. Y. 11, 68 N. E. 106), have an express power to sue and to be sued in and by their department names, to wit, the department of health (Charter, § 1192) and the tenement house department (Charter, § 1344c). As for statutory authority in the borough president to sue, it is wholly lacking. In all actions to which my attention has been called wherein the city of New York sought to remove an encroachment upon a public street by suit in equity, the action was brought by the city and not by any department head. Some are cited in the Stover Case, supra, and others will be found cited in City of New York v. De Peyster, 120 App. Div. 765, 105 N. Y. Supp. 612. The relation of the city of New York toward its streets is too well settled for discussion here. That relation is one of trusteeship to keep the same open and for the use of the whole people of the state. City of New York v. Rice, 198 N. Y. 124, 91 N. E. 283, 28 L. R. A. (N. S.) 375. No such trusteeship has ever been devolved upon a municipal officer, and, where the rights of a municipal corporation are affected by a street encroachment which is sought to be removed by an action in equity, such action must be brought and maintained in the name of the municipal corporation, un-

less a designated official is authorized to bring said suit. 3 Abb. Mun. Corp. § 1161.

Dillon, in his work on Municipal Corporations (5th Ed.) § 1130, says:

"The principle that streets and public places, or the uses thereof, speaking generally, belong to the public is one of great importance. Because they are public, whether the technical fee be in the adjoining owner, in the original proprietor, or in the municipality in trust for the public use, any unauthorized obstruction of the public enjoyment is an indictable nuisance. And the proper officer of the commonwealth may proceed, in the name of the public, by bill in equity, for an injunction for relief, or by other appropriate action or proceedings, to vindicate the rights of the public against encroachment or denial by individuals. So where, by its charter or constituent act, a municipality has the usual control and supervision of the streets and public places, it may, in its corporate name, institute judicial proceedings to prevent or remove obstructions thereon."

The right of commissioners of highways to maintain an equitable action to compel the removal of or to restrain obstructions in a highway was denied in Rozell v. Andrews, 103 N. Y. 150, 8 N. E. 513, and Coykendall v. Durkee, 13 Hun, 260, upon the ground that their duties with regard to the obstructions were defined by statute, which did not include the bringing of a suit in equity.

For the reason that the plaintiff has not legal capacity to maintain this action, the demurrer must be sustained, with costs.

Demurrer sustained, with costs.