Matter of the Application of JOHN F. GILCHRIST, as Commissioner of Licenses of the City of New York, to Revoke License No. 21,346, Issued May 1, 1919, to LEO NEWMAN.

(Supreme Court, New York Special Term, February, 1920.)

**Licenses — Greater New York charter — limited authority of commissioner of licenses — Code of Ordinances.**

> The power conferred by the Greater New York charter to regulate places of amusement within the city, does not carry with it any authority to interfere with the price of admission to such places or the resale of tickets.
>
> An application by the commissioner of licenses of the city of New York for the revocation of a license issued to respondent pursuant to the Code of Ordinances of the city permitting him to conduct the business of selling tickets of admission to exhibitions or performances must be denied upon the ground that the petitioner is not authorized to institute the proceedings.

MOTION for a revocation of a license.

William P. Burr, corporation counsel, for plaintiff.

Guggenheimer, Untermyer & Marshall (Louis Marshall, of counsel), for defendant.

GREENBAUM, J. The commissioner of licenses of the city of New York moves for a revocation of the license heretofore issued to the respondent, Leo Newman, permitting him to conduct the business of selling tickets of admission to exhibitions or performances, pursuant to the provisions of section 11-a of article 1 of chapter 3 of the Code of Ordinances of the city of New York. In view of the conclusions reached by the court it will be unnecessary to consider

the question of the constitutionality of the ordinance in question raised by the respondent. The preliminary objection made by the respondent that there is no provision of law conferring authority upon the petitioner to institute this proceeding in his name seems to be well taken. The New York charter provides that all suits by or against the city of New York shall be brought in the corporate name of the city of New York. *Pounds* v. *Lee Ave. Theatre Co.*, 84 Misc. Rep. 623; *Matter of City of New York, Morris Theatrical License*, 131 App. Div. 767. In addition to the objection just mentioned it seems clear that the municipality lacks the power to enact the ordinance by virtue of which this application is made. The petitioner relies upon section 19 of article 2-a of the General City Law (the Home Rule Act) as the source of authority in the city for adopting the ordinance. That section reads as follows: " General grant of powers. Every city is granted power to regulate, manage and control its property and local affairs and is granted all the rights, privileges and jurisdiction necessary and proper for carrying such power into execution. No enumeration of powers in this or in any other law shall operate to restrict the meaning of this general grant of power, or to exclude other powers comprehended within this general grant.'' It was doubtless the intention of the legislature by that section to overcome the effect of the former strict rule of construction which limited the powers of a municipal corporation to those expressly granted by extending them to all matters with which it may deal under the general grant of power conferred by the charter, even if they may not have been specifically enumerated therein. But assuredly this liberal construction of the charter as to the powers of the city may not be held to confer general legislative power upon the municipality. The

business of selling tickets is not a matter which would fall within the scope of any duty or power implied in the charter. In *People ex rel. Lange* v. *Palmitter,* 71 Misc. Rep. 158, the ordinance therein involved related to the use of the streets, which the city held in trust for the public. The control of the streets was peculiarly within the power of the city. The ordinance under review deals with the right of one to sell a commodity on his own premises or place of business. There is nothing in the charter which fairly may be construed as impliedly permitting the regulation of a private business which is in its nature legal and proper. The businesses which may properly be regulated and licensed are no doubt of the kind referred to in section 20 of article 2a of the General City Law, whereby cities are empowered: " To maintain order, enforce the laws, protect property and preserve and care for the safety, health, comfort and general welfare of the inhabitants of the city and visitors thereto; and for any of said purposes to regulate and license occupations." The circumstance that the charter confers the power of regulation of places of amusement within the city does not carry with it any authority to interfere with the price of admission to such places or the resale of tickets or tokens of admission. Nor can it fairly be contended that the respondent is estopped by reason of his having taken out a license under the ordinance from attacking its validity upon this application. See *Hibbard* v. *State of Ohio,* 65 Ohio St. 574, 578; L. R. A. 654. Much as one may desire to check abuses, the procedure for accomplishing such laudable ends must find warrant in the fundamental laws of the state.

Motion denied.