RHEA FOUNTAINE, an Infant, by THEOPHILAS FOUNTAINE, Her Guardian ad Litem, Respondent, v. FULD & HATCH KNITTING COMPANY, Appellant.

Third Department, January 9, 1924.

Nuisance — action to recover for injuries suffered by plaintiff, a child, who was burned by running on hot ashes dumped by defendant between rear of its plant and bank of canal — there was towpath along canal bank — plaintiff contends that whole strip of land in rear of defendant's plant was highway by public user for more than twenty years — mere use of land by public does not justify finding that it was highway under Highway Law, § 209 — plaintiff failed to prove that ashes were dumped on towpath or that strip of land was public highway.

In an action to recover damages for personal injuries suffered by the plaintiff, a child nine years of age, who was burned by running upon a pile of hot ashes which had been dumped by defendant on a strip of land between the rear of its plant and the bank of the Champlain canal, which was tried and submitted to the jury on the theory of nuisance only, the plaintiff is not entitled to recover, where it is not shown that the ashes in question were dumped on the towpath of the canal and where the only evidence to support the plaintiff's contention that the entire strip of land in the rear of the defendant's plant had become a public highway was proof of the use thereof by the public for more than twenty years by teams hauling loads to and from the defendant's plant and other factories over that strip of ground, and by pedestrians.

The charge by the court made upon the request of defendant and not excepted to by the plaintiff that the burden is on the plaintiff to show that the ashes in question were put upon a public thoroughfare or highway and not on its own property became the law of the case and the plaintiff did not meet that burden by mere evidence of user by the public for more than twenty years of the strip of land on which the ashes were dumped, for such user alone will not constitute the strip of land a public highway within the meaning of section 209 of the Highway Law.

Furthermore, since there was no proof as to the location of the outer boundary of the State's land and, therefore, no proof from which it can be found that the land upon which the ashes were found constituted a part of the towpath, the plaintiff has failed to show that the dumping of the ashes at the point in question constituted a public nuisance, and the judgment must be reversed and a new trial granted.

VAN KIRK, J., dissents in part.

APPEAL by the defendant, Fuld & Hatch Knitting Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 31st day of October, 1922, upon the verdict of a jury for $5,000 (reduced by stipulation to $3,000), and also from an order entered in said clerk's office on the 25th day of October, 1922, denying the defendant's motion for a new trial made upon the minutes.

*Ainsworth, Sullivan, Wheat & Archibald* [*Benjamin P. Wheat* of counsel], for the appellant.

*Walter H. Wertime* [*Rollin B. Sanford* of counsel], for the respondent.

HINMAN, J.:

The action was brought to recover for personal injuries to a child nine years of age, who was burned by running upon a pile of hot ashes which had been dumped by an employee of the defendant. The accident happened in the city of Cohoes, on an open strip of land between the defendant's factory and the Champlain canal. This strip of land lay in the rear of defendant's factory and was about twenty-five to thirty feet wide at one rear corner of the factory and narrowed down to twenty or twenty-five feet at the other rear corner. The engine room of defendant's plant was located in the rear of its building and there was a coal bin there, made by erecting a fence. The ashes were piled between this fence and the bank of the canal. The photographs and testimony show that the pile was located near the fence. It does not appear that the fence was designed to mark the boundary line between the lands of the defendant and the State canal lands and no such presumption is available to the plaintiff. The record is barren of any proof as to the location of the property line between the defendant's property and the property of the State. Along the canal

bank there was a towpath and the plaintiff claims that the whole strip of land between the mill and the canal had been used for a period of over twenty years as a public highway for teams hauling loads to and from this and other factories and for pedestrians. It is admitted, however, that there is no evidence that this roadway had been laid out and recorded as a public highway. The plaintiff relies upon this evidence of user by the public as a highway to prove that the ashes were piled upon public lands and constituted a nuisance. The action was tried and submitted to the jury on the theory of nuisance only. The claim of the defendant is that there was an entire failure on the part of the plaintiff to locate the pile of ashes upon a public street or highway. The court charged the jury that defendant " had a right to dump its live ashes on its own property where it determined to do it, and if this plaintiff was injured by going upon the property of the defendant, whether the property was fenced or not, she has no cause of action here, because they had a right to use their own property incident to their business." The court also charged, upon request of defendant, " that the burden is on the plaintiff to show that the ashes in question were put upon a public thoroughfare or highway and not on its own property." No exceptions were taken to these charges and they became the law of the case.

The plaintiff has not met the burden imposed by the law of the case, unless the undisputed evidence as to user of this strip of land as a driveway and by pedestrians for over twenty years was sufficient to sustain a finding that it constituted a highway within the meaning of section 209 of the Highway Law. This question, however, has been thoroughly decided in the leading case of *Speir v. Town of New Utrecht* (121 N. Y. 420, 429), wherein the court said: "All we have here is that ' the road was used by the public generally.' But the mere fact that a portion of the public travel over a road for twenty years cannot make it a highway; and the burden of making highways and sustaining bridges cannot be imposed upon the public in that way. There must be more. The user must be like that of highways generally. The road must not only be traveled upon, but it must be kept in repair or taken in charge and adopted by the public authorities." The law as interpreted in the case of *Speir v. Town of New Utrecht* (*supra*) has been uniformly followed in this State. (See *People v. Underhill*, 144 N. Y. 316, 324; *Palmer v. Palmer*, 150 id. 139, 148; *People ex rel. Cunningham v. Osborn*, 84 Hun, 441; affd., 155 N. Y. 685; *Hamilton v. Village of Owego*, 42 App. Div. 312; affd., 171 N. Y. 698; *Ricketson v. Village of Saranac Lake*, 73 Misc. Rep. 52; *Smith v. Smythe*, 197 N. Y. 457.)

Here there is no proof that the public authorities kept this strip

of land in repair or adopted it, or in any way recognized it as a highway.    There is no proof as to the location of the outer boundary of the State's land.    There is no proof from which it can be found that the land upon which the ashes were piled constituted a part of the towpath.    Therefore, the plaintiff has failed to meet the burden of proof.    Perhaps upon another trial the plaintiff will be able to fix the boundary line or to supply proofs lacking here, as to recognition of this land as a highway by the public authorities. The judgment and order should be reversed upon the law and the facts and a new trial granted, with costs to the appellant to abide the event.

All concur, except VAN KIRK, J., who votes for reversal and dismissal on the ground that the motion for a nonsuit should have been granted.

Judgment and order reversed on the law and facts and new trial granted, with costs to the appellant to abide the event.