William F. Santry,
Official Referee. This action is brought by the Village of Catskill, New York, for an injunction restraining the defendants from obstructing or interfering with the free right of passage by the public over a strip of land which the village claims is a public street.
Main Street in the village of Catskill runs approximately north and south. A block to the west Water Street also runs north and south and parallel to Main Street. Union Street runs east and west from Water Street to Main Street. A block to the south Church Street runs east and west from Water and Main Streets and parallel to Union Street. Across the area enclosed by these four streets there extends from Union Street *943 on the north to Church Street on the south an alley known locally as Brandow’s Alley. This alley has a minimum clear width of about 10 feet and is located about halfway between Main and Water Streets.
The defendants, Elvira De Cicco and Frank De Cicco, own the fee to that portion of the alley extending from Union Street south for a distance of about 95 feet. The other defendants own or have an interest in the fee to the balance of the alley extending from the De Cicco south line to Church Street. The defendants, De Ciccos have placed barriers across this alley at their south boundary line thus obstructing the free use thereof by the public. The other defendants have parked cars and stored equipment on the alley with the same result.
The plaintiff claims that the alley has become a public street pursuant to the provisions of section 174-a of the Village Law by reason of its having been used by the public as a street for 20 years or more continuously.
It is conceded that no written grant for a street was ever made nor was there any dedication or acceptance, or any acquisition by condemnation. The village bases its claim solely on prescription and use.
The defendants, De Ciccos, put in issue by their answer the plaintiff’s claim that the alley is a public street at least insofar as that portion thereof which crosses their property is concerned. The other defendants failed to appear in the action and are in default.
So far as that portion of the alley between De Ciccos’ south line and Church Street is concerned the evidence is sufficient to establish the plaintiff’s claim that it has become a public street through use by the public and adoption by the village. It appears that for more than 20 years this portion of the alley has been used freely by the public; that the village has improved the surface of the alley by oiling and making repairs, by installing a street light and exercising some measure of general supervision. The defendants owning the fee to this portion of the alley have defaulted without tendering an issue.
A different situation is presented with reference to that portion of the alley which extends from the De Ciccos’ south line northerly to Union Street. The property on which this portion of the alley is located was purchased by the De Ciccos in 1944 from the Methodist Church which had owned it since 1886. On this property are located two sheds which abut on the alley, one on each side thereof. The sheds are divided into staffs which are used as garages. Some are used by the owners and others are rented to the public. Access to those garages is over *944 the alley from Union Street. During the time the Methodist Church owned the property it maintained, fastened to the sheds, signs which read: “Private Property No Parking ” “ Ball Playing and Other Games Strictly Prohibited on these Premises ” “ Private Property No Trespassing ”.
From 1929 to 1932 a barrier consisting of wooden posts set in the ground on the south line of the property prevented use of the alley at that end by vehicles. The defendants De Ciccos placed a similar barrier of posts and a chain across the alley in 1950. While much testimony was offered relative to the use of the alley by the public and to the exercise of supervision and control over it by the village a close evaluation of the evidence discloses that most of it is applicable to the southerly portion of the alley only. Actually so far as the De Ciccos ’ portion is concerned only a few isolated instances of use over a long period of years has been established. No continuous use for any 20-year period has been shown. Likewise, the attention given to this portion of the alley by the village was spasmodic and consisted of isolated acts. The plaintiff has failed to establish a cause of action against the defendants, Elvira De Cicco or Frank De Cicco and the complaint as to those two defendants must be dismissed, with costs. (Speir v. Town of New Utrecht, 121 N. Y. 420; Goldrich v. Franklin Gardens Corp., 282 App. Div. 698; Hamilton v. Village of Owego, 42 App. Div. 312; La France v. Town of Altamont, 277 App. Div. 917.)
Against the defendants, other than said Elvira De Cicco and Frank De Cicco, the plaintiff is entitled to a judgment enjoining such defendants from obstructing or interfering with the free passage of the public over that portion of said alley lying between the south line of said De Ciccos’ property and Church Street. Said judgment shall be, without costs.
Judgment is directed in accordance herewith.